[No. 8238.   Department One.   January 26, 1910.]

NORTHERN PACIFIC RAILWAY COMPANY, *Appellant*, v.
RAILROAD COMMISSION OF WASHINGTON, *Respondent*.[1]

CARRIERS—SWITCHING CHARGES—RATES—PRESUMPTIONS—APPEAL—
REVIEW. An order of the railroad commission reducing switch
charges, based largely upon an old rate that had been continued in
force for some time, and upon conflicting evidence as to the time
consumed in the service and as to the other services performed by
the switching crew, is aided by the presumption that a rate con-
tinued in force for some time is presumed to be remunerative and
by the presumption that the findings of the commission are correct;
and the order will not be disturbed on appeal although the testimony
is meager, indefinite, and unsatisfactory.

Appeal from a judgment of the superior court for Pierce
county, Chapman, J., entered March 18, 1909, affirming an
order of the state railroad commission fixing a rate for
switching cars containing mill products, after a hearing be-
fore the court.   Affirmed.

*B. S. Grosscup* and *Geo. T. Reid*, for appellant.

*The Attorney General* and *W. V. Tanner, Assistant*, for
respondent.

PER CURIAM.—This is an appeal from a judgment of the
superior court of Pierce county, affirming an order of the
railroad commission fixing the rate for switching cars con-
taining slabs and mill wood from the plant of the St. Paul
& Tacoma Lumber Company to the plant of the Carstens
Packing Company, in the city of Tacoma, the distance be-
tween the two plants being about 1,500 yards.   The commis-
sion found that a rate of $2.25 per car for a minimum car
load of twelve cords, with an additional charge of 18¾ cents
per cord for each cord in excess of the minimum, was rea-
sonable and remunerative, and entered an order abrogating
and discontinuing the published tariff rate of the company,

[1]Reported in 106 Pac. 611.

which fixed the charge for the same service at $3.75 per car for a minimum car load of twelve cords, with an additional charge of 31¼ cents per cord for each cord above the minimum. The appeal was prosecuted to the superior court on the ground that the rate established by the commission was unreasonable and unremunerative, and the same question is presented here.

It appears from the testimony that for a number of years the railroad company performed the same service for $1.50 per car, using old dismantled stock cars with a capacity of about eight cords; that for a period of about six months thereafter this rate was increased to $2.50 per car, and again reduced to the old rate of $1.50 per car. The findings of the commission were based largely, if not entirely, upon this old rate. The testimony in the case is indefinite and unsatisfactory, rather than conflicting. It would be possible from the evidence to ascertain the cost of maintaining the switching crew, with a reasonable degree of certainty, but the duties of the crew are so varied and multifarious that no estimate of its earning capacity can be arrived at. It appears that the crew handled a certain number of cars per day for a given period, but it also performed other services between times, of which no account was taken. There is some testimony or statements in the record tending to show that it took the switching crew about one hour each day to perform this service, and that two cars were devoted to this purpose at all times. If it satisfactorily appeared that it took one-tenth of the time of the switching crew and the constant use of two cars to perform the service, we are of the opinion that the rate fixed by the commission was not reasonable or remunerative; for we think it satisfactorily appears from the record that the cost to the company of maintaining the switching crew exceeds that. But there is a dispute as to the length of time consumed, and it is also claimed that other services were performed by the crew during the same period. A rate which has been continued in force for a considerable period of time

is presumed to be reasonable and remunerative, and the findings of the commission are presumed to be correct. If we were convinced that the rate was too low we would not hesitate to so declare, but when the record is aided by the above presumptions, we do not think that we would be warranted in disturbing the order of the commission, although the testimony upon which the order is based is meager, indefinite, and unsatisfactory. The judgment is therefore affirmed.